UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| COMPUTREX INTERNATIONAL, INC. | ) | Chapter 7 |
| A/K/A/ COMPUTREX LOGISTICS | ) | |
|     Debtor. | ) | Case No.  02-34671 |
| _____ | ) | |
| GORDON A. ROWE, JR. | ) | |
| BANKRUPTCY TRUSTEE | ) | |
|     Plaintiff. | ) | A.P. No.  04-3143 |
| vs. | ) | |
| INTERCONEX INC. | ) | |
|     Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM**

This adversary proceeding comes before the Court on the defendant's Notice of Non-Compliance and Motion to Dismiss. The trustee opposed the motion to dismiss. Upon consideration of the motion, and the record in this case, the Court holds that this adversary proceeding should be dismissed.

**I.    STATEMENT OF JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(E). Venue of this adversary proceeding in this Court is proper under 28 U.S.C. §1409(a), as this proceeding arises in and relates to the debtor's Chapter 7 case pending in this District.

**II.    FACTS**

1. On August 13, 2002, the debtor filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Western District of Kentucky.

2. On November 4, 2002, the case converted to a Chapter 7 proceeding and the Court ordered the appointment of a trustee. Gordon A. Rowe, Jr., the plaintiff, was appointed as the

      Chapter 7 trustee.

3. On August 9, 2004, the trustee initiated this adversary against Interconex Inc., the defendant, seeking recovery of $225,283.35 for services provided to the defendant by the debtor.

4. On August 11, 2004, the trustee initiated a separate adversary proceeding, 04-3182, against the defendant seeking recovery of $8,878.61. As these actions were identical in nature, a motion to consolidate the adversaries was filed and granted by order entered March 4, 2005.

5. The defendant answered on September 30, 2004, denying the material allegations and asserting offsets as an affirmative defense.

5. A pre-trial conference was held on October 5, 2004. Following that hearing, a pre-trial order was entered setting a discovery deadline of March 15, 2005. The Court also set a final pre-trial conference for March 15, 2005.

5. At the hearing on March 15, 2005, at the request of the trustee, the Court continued the pre-trial conference until June 21, 2005. The Court also extended the deadline to respond to discovery requests until that same date.

6. At the June 21, 2005 hearing, again at the request of the trustee, the Court continued the pre-trial conference until August 30, 2005.

7. At the August 30, 2005 hearing, again at the request of the trustee, the Court continued the pre-trial conference until October 27, 2005.

8. After the October 27, 2005 hearing, on October 28, 2005, the Court entered an order giving the trustee up to and including November 30, 2005 to respond to the defendant's outstanding discovery requests. That order further provided that should the trustee fail to comply, upon notice by the defendant, the Court would dismiss the adversary proceeding without further

notice or hearing.

9. The trustee did not comply with the order, but instead filed a Motion for Additional Extension of Time to Respond to Discovery. This motion was filed on December 1, 2005, after the deadline had passed. In that motion, the trustee stated that dismissal of the adversary due to his failure to comply with the discovery order would be prejudicial. Additionally, trustee's counsel cited family medical reasons as grounds for the trustee's failure to comply with the order.

10. On December 5, 2005, the defendant filed its Notice of Non-Compliance and Motion to Dismiss seeking dismissal due to the trustee's failure to comply with the order requiring discovery responses no later than November 30, 2005.

11. The Court held a hearing on the motion for extension and motion to dismiss on December 20, 2005, and both the trustee and the defendant appeared.

## III. LEGAL DISCUSSION

Federal Rule of Bankruptcy Procedure 7037 governs the failure to comply with an order compelling discovery. Section (b) of that Rule outlines the sanctions available to the Court should a party fail to comply with an order from the Court. Included within that section is the sanction of dismissal. Fed. R. Bank. P. 7037(b)(2)(C).

The Court notes at the outset that it has been extremely lenient toward the trustee in the handling of this case, as well as the numerous other adversaries filed by the trustee in connection with this bankruptcy case. Extension after extension has been granted. Finally, after a more than a year passed since the filing of the adversary, the Court entered an order giving the trustee a definite deadline to respond to the defendant's discovery requests. To stress the importance of the deadline,

the Court expressly held that the failure to comply would result in dismissal of the adversary. Apparently, this not-so-subtle warning was insufficient to make the trustee aware of the importance of responding to the defendant's discovery. The trustee failed to comply as instructed, and, as warned, the adversary will be dismissed.

The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| COMPUTREX INTERNATIONAL, INC. | ) | Chapter 7 |
| A/K/A/ COMPUTREX LOGISTICS | ) | |
|     Debtor. | ) | Case No. 02-34671 |
| _____ | ) | |
| GORDON A. ROWE, JR. | ) | |
| BANKRUPTCY TRUSTEE | ) | |
|     Plaintiff. | ) | A.P. No. 04-3143 |
| vs. | ) | |
| INTERCONEX INC. | ) | |
|     Defendant. | ) | |
| _____ | ) | |

**ORDER**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

**IT IS ORDERED** this adversary proceeding is **DISMISSED**.